1  BOHN & FLETCHER LLP
   ROBERT H. BOHN, JR., ESQ. (CA 176952)
2  333 W. Santa Clara Street, Suite 620
   San Jose, California 95113
3  Telephone: (408) 279-4222
   Facsimile:  (408) 295-2222
4  rob@bohnlaw.com

5
   BEN BAKER, ESQ.
6  109 N. 2nd Ave.
   Purcell, Oklahoma 73080
7  Telephone: (405) 527-8001
   bendbaker@gmail.com
8

9  BRENNAN, SMITH & SHERBINI, PLCC
   RUSTY SMITH, ESQ.
10 417 W. Broadway
   P.O. Box 1067
11 Muskogee, OK 74402
   Telephone: (918) 687-4400
12 Facsimile: (918) 687-4430
   rsmith@muskogeelawyers.com
13
   Attorneys for Plaintiff
14 AMELIA MOLITOR

15

16

17             UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19

20 AMELIA MOLITOR,                  Case No.:  3:16-CV-4139

21                    Plaintiff,    **COMPLAINT FOR DAMAGES FOR**
                                    **NEGLIGENCE, WILLFUL AND**
22 v.                              **WONTON MISCONDUCT;**
                                    **INTENTIONAL INFLICTION OF**
23 JOE MIXON,                       **EMOTIONAL DISTRESS; PUNITIVE**
                                    **DAMAGES**
24                    Defendant.
                                   /
25

26

27

28

_____

*Molitor v. Mixon*
Complaint

1   Plaintiff AMELIA MOLITOR complains of defendant JOE MIXON and alleges the

2   following:

3   **JURISDICTION & VENUE**

4   1.   Jurisdiction of the subject matter of this action is established in this court

5   under 28 U.S.C. §1332 on the basis complete diversity exists between all parties to this

6   action and the amount in controversy exceeds the jurisdictional limits of this court.

7   2.   Pursuant to 28 U.S.C. §1391, this is the proper venue for this action because

8   the defendant's permanent residence is located in Contra Costa County, California.

9   3.   At all times herein mentioned, Plaintiff Amelia Molitor (hereinafter

10   "MOLITOR") was, and is, a resident of Tarrant County, Texas.

11   4.   At all times herein mentioned, defendant Joe Mixon (hereinafter "MIXON")

12   was, and is, a resident of Contra Costa County, California.

13   5.   The acts complained of herein occurred in the City of Norman, County of

14   Cleveland, State of Oklahoma, on or about July 25, 2014.

15   **FACTS COMMON TO ALL CAUSES OF ACTION**

16   6.   On or about July 25, 2014, MOLITOR was out for an evening socializing with

17   her friends near the Campus Corner district in Norman, Oklahoma.  During the evening,

18   MOLITOR and her friends engaged in a discussion with MIXON while standing outside,

19   near the front door of Pickleman's Gourmet Café (hereinafter "PICKLEMEN'S") located at

20   759 Asp Avenue in Norman.  The discussion between MIXON and MOLITOR became

21   heated and animated.

22   7.   MOLITOR and her friend next entered PICKLEMEN'S to purchase

23   some refreshments, use the facilities and convene with other friends.  MOLITOR and her

24   friend settled in at a table with others.

25   8.   MIXON then entered PICKLEMEN'S and approached MOLITOR and her

26   friend.  MIXON initiated another discussion with them.  The discussion became more heated.

27   9.   In an effort to end the discussion, MOLITOR pushed MIXON away from their

28

*Molitor v. Mixon*
Complaint                    2

1  table.  MIXON, who was and is a University of Oklahoma NCAA Division 1 football player

2  with great physical stature and strength, forcefully struck MOLITOR in her face with a closed

3  fist causing her to sustain fractured bones in her face and other serious and lasting physical

4  injuries.

5      10.    As a result of MIXON's negligent, willful and wanton acts and omissions,

6  MOLITOR has suffered substantial physical injuries, emotional distress and other damages,

7  including, but not limited to, past, present, and future medical expenses.  MOLITOR's

8  damages continue to accrue.

9                          **FIRST CAUSE OF ACTION**

10                              **(Negligence)**

11      MOLITOR alleges the following against MIXON:

12      11.    MOLITOR hereby incorporates by reference the general allegations and

13  realleges the same as though set forth in full herein.

14      12.    Under Oklahoma law, negligence is the failure to exercise ordinary care to

15  avoid injury to another's person or property.  Ordinary care is the care which a reasonably

16  careful person would use under the same or similar circumstances.

17      13.    By engaging in the above-described conduct, including forcefully striking

18  MOLITOR, and considering the circumstances including MIXON's physical stature in

19  comparison to MOLITOR's more slight stature, MIXON failed to exercise ordinary care

20  which a reasonably careful person would have exercised to avoid causing serious injury to

21  MOLITOR.

22      14.    As a result of MIXON's conduct, MOLITOR has sustained economic losses

23  including but not exclusively medical expenses, in amounts presently unascertained, but

24  within the jurisdictional limits of this court; MOLITOR hereby reserves the right to allege

25  such damages as they are incurred or ascertained.

26      15.    As a result of MIXON's conduct, MOLITOR has suffered severe anxiety,

27  embarrassment, depression, humiliation, and emotional distress and has sustained non-

28

economic losses in amounts as yet unascertained, but within the jurisdictional limits of this court.

## SECOND CAUSE OF ACTION

### (Willful and Wanton Misconduct)

MOLITOR alleges the following against MIXON:

16.     MOLITOR hereby incorporates by reference the general allegations and realleges the same as though set forth in full herein.

17.     Based on MIXON's physical stature, particularly as compared to MOLITOR's relatively slight physical stature, there was substantial certainty that MIXON's forcefully striking her with a closed fist would serious bodily injury to MOLITOR.  Despite such certainty, MIXON made an affirmative decision to strike MOLITOR as described herein.

18.     MIXON's course of action before, during and following his striking MOLITOR in the face was deliberate and demonstrated a callous indifference and reckless disregard for MOLITOR's and others' safety, life, liberty, well-being and peace of mind.

19.     As a result of MIXON's conduct, MOLITOR has sustained economic losses including but not exclusively medical expenses, in amounts presently unascertained, but within the jurisdictional limits of this court; MOLITOR hereby reserves the right to allege such damages as they are incurred or ascertained.

20.     As a result of MIXON's conduct, MOLITOR has suffered severe anxiety, embarrassment, depression, humiliation, and emotional distress and has sustained non-economic losses in amounts as yet unascertained, but within the jurisdictional limits of this court.

21.     MIXON's conduct was willful, malicious, oppressive, despicable, and was carried out in conscious and reckless disregard of MOLITOR's, and by way of punishment and example and to prevent future similar treatment of other employees, MOLITOR prays that punitive damages be assessed against MIXON.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

MOLITOR alleges the following against MIXON:

22.     MOLITOR hereby incorporates by reference the general allegations and all allegations set forth in the Second Cause of Action and realleges the same as though set forth in full herein.

23.     As a result of MIXON's actions, MOLITOR experienced, and continues to experience, severe emotional distress, including, but not limited to, humiliation, embarrassment, anger, grief, anxiety, fright, horror, depression, disappointment, worry, distrust, and disconnect.

24.     These emotional injuries have hindered and continue to hinder MOLITOR's ability to fully engage with family and friends in meaningful relationships.

25.     MOLITOR's reputation, peace of mind and safety has likewise been damaged, diminished, and tarnished as a result of MIXON's striking her on July 25, 2014.

26.     MIXON's actions, whether done intentionally or recklessly, caused severe emotional distress to MOLITOR which is beyond that which a reasonable person could be expected to endure.

27.     MIXON intentionally caused MOLITOR's emotional distress, or knew, or should have known that such distress was substantially certain to result from his conduct.

28.     As a result of MIXON's conduct, MOLITOR has sustained economic losses including but not exclusively medical expenses, in amounts presently unascertained, but within the jurisdictional limits of this court; MOLITOR hereby reserves the right to allege such damages as they are incurred or ascertained.

29.     As a result of MIXON's conduct, MOLITOR has suffered severe anxiety, embarrassment, depression, humiliation, and emotional distress and has sustained non-economic losses in amounts as yet unascertained, but within the jurisdictional limits of this court.

30.     MIXON's conduct was willful, malicious, oppressive, despicable, and was

*Molitor v. Mixon*
Complaint

1    carried out in conscious and reckless disregard of MOLITOR's, and by way of punishment

2    and example and to prevent future similar treatment of other employees, MOLITOR prays

3    that punitive damages be assessed against MIXON.

4

5         WHEREFORE, MOLITOR prays for judgment against MIXON for economic losses

6    according to proof, non-economic losses according to proof, for punitive damages, for costs

7    of suit, for prejudgment interest, for post-judgment interest, for attorney's fees and for such

8    other and further relief as the court may deem just and proper.

9

10   Dated: July 22, 2016                    BOHN & FLETCHER, LLP

11

12                                           By_____/s/_____
                                                ROBERT H. BOHN, JR.
13                                              Attorneys for Plaintiff
                                                AMELIA MOLITOR
14

15                        **DEMAND FOR JURY TRIAL**

16        Plaintiff Amelia Molitor hereby demands a trial by jury.

17

18   Dated: July 22, 2016                    BOHN & FLETCHER, LLP

19

20                                           By_____/s/_____
                                                ROBERT H. BOHN, JR.
21                                              Attorneys for Plaintiff
                                                AMELIA MOLITOR
22

23

24

25

26

27

28