1  **CROWE & DUNLEVY, P.C.**
   Mark S. Grossman (OK SBN 10318) (application for admission *pro*
2  *hac vice* pending)
   J. Blake Johnson (OK SBN 32433) (application for admission *pro*
3  *hac vice* pending)
   Cullen D. Sweeney (OK SBN 30269) (application for admission *pro*
4  *hac vice* pending)
   Braniff Building
5  324 N. Robinson Avenue, Suite 100
   Oklahoma City, Oklahoma 73102
6  Telephone:    (405) 235-7700
   Facsimile:    (405) 239-6651
7  Email: mark.grossman @crowedunlevy.com
            blake.johnson@crowedunlevy.com
8            cullen.sweeney@crowedunlevy.com

9  **BURKE, WILLIAMS & SORENSEN, LLP**
   J. Leah Castella (SBN 205990)
10 E-mail: lcastella@bwslaw.com
   1901 Harrison Street, Suite 900
11 Oakland, CA 94612-3501
   Tel: 510.273.8780    Fax: 510.839.9104
12
   Attorneys for Defendant
13 JOE MIXON

14              **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16

17  AMELIA MOLITOR,                          Case No. 3:16-cv-04139

18              Plaintiff,                   Hon. James Donato

19  v.                                       **DEFENDANT'S MOTION TO DISMISS
                                             AND MEMORANDUM OF POINTS AND
20  JOE MIXON,                               AUTHORITIES**

21              Defendant.                   Date: October 13, 2016
                                             Time: 10:00 am
22                                           Courtroom: 11, 19th Floor

23                                           Complaint Filed: July 22, 2016

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4812-1348-2296 v2

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 13, 2016 at 10:00 am, or as soon thereafter as the matter may be heard, in Courtroom 11, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable James Donato presiding, the Defendant, Joe Mixon, moves the Court for an order dismissing the above-captioned action.

**CONCISE STATEMENT OF RELIEF SOUGHT**

Pursuant to Local Civil Rule 7-2(b)(3), Defendant, Joe Mixon, respectfully requests that, pursuant to Fed. R. Civ. P. 12(b)(6), this Court dismiss the above-captioned action.

Dated: September 2, 2016

**CROWE & DUNLEVY, P.C.**
Mark S. Grossman
J. Blake Johnson
Cullen D. Sweeney

**BURKE, WILLIAMS & SORENSEN, LLP**
J. Leah Castella

By: /s/ J. Leah Castella
*[signing attorney]*
Attorneys for Defendant
JOE MIXON

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4812-1348-2296 v2

- 1 -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

# TABLE OF CONTENTS

| | Page |
|---|---|
| PROCEDURAL AND FACTUAL BACKGROUND | 1 |
| STANDARD FOR DISMISSAL | 1 |
| APPLICABLE LAW | 1 |
| ARGUMENT AND AUTHORITY | 1 |
| I. Molitor's claims are barred by statute of limitations. | 1 |
| II. Molitor alleges no negligent conduct. | 4 |
| III. Willful and wanton misconduct is not an independent tort. | 7 |
| IV. Molitor fails adequately to allege an IIED Claim. | 11 |
| CONCLUSION | 16 |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4812-1348-2296 v2

- i -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abbatiello v. Monsanto Co.*,
   522 F. Supp. 2d 524 (S.D.N.Y. 2007)...................................................................11

*AKC ex rel. Carroll v. Lawton Indep. Sch. Dist. No. 8*,
   9 F. Supp. 3d 1240, 1244 (W.D. Okla. 2014) ....................................................9, 10

*Amoco Pipeline Co. v. Montgomery*,
   487 F. Supp. 1268 (W.D. Okla. 1980) .................................................................9

*Aschroft v. Iqbal*,
   556 U.S. 662............................................................................................1

*BancFirst v. Dixie Rests., Inc.*,
   No. CIV-11-174-L, 2012 WL 12879 (W.D. Okla. Jan. 4, 2012) ...........................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................1

*Benavidez v. United States*,
   177 F.3d 927 (10th Cir. 1999)......................................................................3

*Billingsley v. Westrac Co.*,
   365 F.2d 619 (8th Cir. 1966)......................................................................11

*Brown v. J.C. Penney Corp.*,
   521 F. App'x 922 (11th Cir. 2013) ...............................................................5

*Chen v. D.C.*,
   256 F.R.D. 267 (D.D.C. 2009) ....................................................................5

*Dewitt v. Home Depot U.S.A., Inc.*,
   No. 10-CV-3319 KAM, 2012 WL 4049805 (E.D.N.Y. Sept. 12, 2012) ..................4

*Doe v. De Amigos, LLC*,
   987 F. Supp. 2d 12 (D.D.C. 2013) (District of Columbia law)...............................11

*Farash v. Cont'l Airlines, Inc.*,
   337 F. App'x 7 (2d Cir. 2009) ....................................................................5

*Fitzer v. Indep. Sch. Dist. No. 15 of McClain Cnty., Okla.*,
   No. CIV-15-552-M, 2015 WL 6160370 (W.D. Okla. Oct. 20, 2015) .....................10

*Franke v. Midwestern Oklahoma Dev. Auth.*,
   428 F. Supp. 719 (W.D. Okla. 1976)..............................................................9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

- ii -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

*Frederique v. Cnty. of Nassau,*
  No. 11-CV-1746 (SIL), 2016 WL 1057008 (E.D.N.Y. Mar. 11, 2016) ...................................6

*Guerrero v. Piotrowski,*
  67 F. Supp. 3d 963, 968 (N.D. Ill. 2014) ........................................................................10, 11

*Haines v. Fisher,*
  82 F.3d 1503 (10th Cir. 1996) ........................................................................................5

*Koch v. Juber.*
  No. CIV-13-0750-HE, 2014 WL 2171753 (W.D. Okla. May 23, 2014) ...........................3

*Price v. City of Wichita,*
  No. 12-1432-CM, 2013 WL 6081103 (D. Kan. Nov. 19, 2013).........................................6

*Rhodes v. E.I. du Pont de Nemours & Co.,*
  657 F. Supp. 2d 751 (S.D.W. Va. 2009) .........................................................................11

*Rice v. D.C.,*
  626 F. Supp. 2d 19 (D.D.C. 2009) ...................................................................................5

*Robinson v. TSYS Total Debt Mgmt., Inc.,*
  447 F. Supp. 2d 502 (D. Md. 2006) .................................................................................11

*Sabow v. United States,*
  93 F.3d 1445 (9th Cir. 1996)............................................................................................2

*United Nat'l Ins. Co. v. Tunnel, Inc.,*
  988 F.2d 353 (2d Cir. 1993)..............................................................................................6

*Vianes v. Tulsa Educare, Inc.,*
  No. 15-CV-0308-CVE-PJC, 2016 WL 3746579 (N.D. Okla. July 8, 2016) ....................12

*Ward v. Cnty. of Cuyahoga,*
  721 F. Supp. 2d 677 (N.D. Ohio 2010).............................................................................11

*Williams Field Servs. Grp., LLC v. Gen. Elec. Int'l Inc.,*
  No. 06-CV-0530-CVEFHM, 2009 WL 151723 (N.D. Okla. Jan. 22, 2009)....................11

*Wolfe v. MBNA Am. Bank,*
  485 F. Supp. 2d 874 (W.D. Tenn. 2007)...........................................................................5

*Wright v. St. John's Hosp.,*
  414 F. Supp. 1202 (N.D. Okla. 1976) ..............................................................................2

**State Cases**

*Barall Food Stores v. Bennett,*
  1944 OK 78 ...........................................................................................................................9

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4812-1348-2296 v2          - iii -          DEFENDANT'S MEMO. OF POINTS AND
                                                 AUTHORITIES IN SUPPORT OF MOTION
                                                 TO DISMISS 3:16-CV-04139

*Barreto v. Kotaj,*
    1 N.Y.S.3d 727 (N.Y. App. Term. 2014) ............................................................6

*Berkeley v. Dowds,*
    152 Cal. App. 4th 518 (2007) ..........................................................................10

*Broom v. Wilson Paving & Excavating, Inc.,*
    2015 OK 19 ...........................................................................................................5

*Brown v. Creek Cnty. ex rel. Creek Cnty. Bd. of Cnty. Comm'rs,*
    2007 OK 56 ...........................................................................................................2

*Computer Publ'ns, Inc. v. Welton,*
    49 P.3d 732 (Okla. 2002) ..............................................................................12, 15

*Criss v. Criss,*
    356 S.E.2d 620 (W. Va. 1987) ..........................................................................15

*Curtis v. Firth,*
    850 P.2d 749 (Idaho 1993) .................................................................................15

*DaCruz v. State Farm Fire & Cas. Co.,*
    268 Conn. 675 (2004) .......................................................................................5, 6

*Dean v. Angelas,*
    24 Ohio St. 2d 99 (1970) .....................................................................................4

*DeElena v. S. Pac. Co.,*
    592 P.2d 759 (Ariz. 1979) ..................................................................................11

*Foster v. Emery,*
    1972 OK 38 ........................................................................................................8, 9

*Fox v. Oklahoma Mem'l Hosp.,*
    1989 OK 38 ...........................................................................................................9

*Friedman v. Gallinelli,*
    240 A.D.2d 699 (1997) .....................................................................................3, 4

*Ft. Smith & W.R. Co. v. Ford,*
    1912 OK 585 .........................................................................................................2

*Garrison v. Wood,*
    1998 OK CIV APP 25 ...........................................................................................2

*Gaylord Entm't Co. v. Thompson,*
    958 P.2d 128 (Okla. 1998) .................................................................................12

*Graham v. Keuchel,*
    1993 OK 6 .........................................................................................................7, 9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2      - iv -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

*Green v. Correll,*
   1928 OK 501 ................................................................................................2

*Grimm v. White,*
   70 Ohio App. 2d 201 (1980) ......................................................................4

*Hockensmith v. Brown,*
   929 S.W.2d 840 (Mo. App. 1996) ............................................................6

*Hoffman–LaRoche Inc. v. Zeltwanger,*
   144 S.W.3d 438 (Tex. 2004) ....................................................................14

*Holman ex rel. Holman v. Wheeler,*
   1983 OK 72 ................................................................................................9

*Hughes v. Pair,*
   209 P.3d 963 (Cal. 2009) ........................................................................12

*K.G. v. R.T.R.,*
   918 S.W.2d 795 (Mo. 1996) ....................................................................15

*Kasnick v. Cooke,*
   842 P.2d 440 (Or. App. 1992) ..................................................................6

*Kile v. Kile,*
   1936 OK 748 ..............................................................................................5

*Kimberly v. DeWitt,*
   1980 OK Civ. App. 2 ..............................................................................3, 4

*Landry v. Leonard,*
   1998 ME 241 ..............................................................................................5

*Love v. City of Port Clinton,*
   37 Ohio St. 3d 98 (1988) ..........................................................................4

*Lynch v. Birdwell,*
   44 Cal. 2d 839, 285 P.2d 919 (1955) ......................................................5

*Matheson v. Pearson,*
   619 P.2d 321 (Utah 1980) ......................................................................11

*Mazzaferro v. Albany Motel Enterprises, Inc.,*
   127 A.D.2d 374 (1987) ..............................................................................7

*Miller v. Miller,*
   956 P.2d 887 (Okla. 1998) ......................................................................12

*Moran v. City of Del City,*
   2003 OK 57 ................................................................................................5

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4812-1348-2296 v2     - v -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

*Mullins v. Oklahoma Pub. Emps. Ret. Sys.,*
    2005 OK CIV APP 67...................................................................................................10

*State ex rel. Murphy v. Boudreau,*
    1982 OK 117..............................................................................................................2

*Ochoa v. Superior Court,*
    703 P.2d 1 (Cal. 1985) ......................................................................................13, 14

*Parret v. UNICCO Service Co.,*
    2005 OK 54...........................................................................................................7, 8

*Rice v. Janovich,*
    742 P.2d 1230 (Wash. 1987)..................................................................................15

*Rogers v. Quiktrip Corp.,*
    2010 OK 3 ............................................................................................................2, 3

*Sabir v. D.C.,*
    755 A.2d 449 (D.C. 2000)....................................................................................2, 3

*Simmons v. S. Pac. Transp. Co.,*
    133 Cal. Rptr. 42 (Cal. Ct. App. 1976) ..................................................................10

*Sprowles v. Thompson,*
    2010 OK CIV APP 80..............................................................................................2

*St. Louis & S.F.R. Co. v. Boush,*
    1918 OK 367............................................................................................................5

*Standard Fruit & Vegetable Co. v. Johnson,*
    985 S.W.2d 62 (Tex. 1998)........................................................................13, 14, 15

*State Farm Fire & Cas. Co. v. van Gorder,*
    235 Neb. 355 (1990) ...............................................................................................6

*Stockman v. Marlowe,*
    247 S.E.2d 340 (S.C. 1978)....................................................................................11

*Thomas v. Casford,*
    1961 OK 158............................................................................................................4

*Vance v. Wyomed Lab., Inc.,*
    2016 WY 61...........................................................................................................11

*Wagnon v. State Farm Fire and Casualty Co.,*
    1997 OK 160............................................................................................................2

*Waters v. Blackshear,*
    591 N.E.2d 184 (Mass. 1992)..................................................................................6

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

*White v. Hansen,*
  837 P.2d 1229 (Colo. 1992) .................................................................10

*Williams v. Pressman,*
  113 N.E.2d 395 (Ohio Ct. App. 1953) ...........................................................4

*Wrase v. Bosco,*
  271 A.D.2d 440 (2000) ...................................................................4

**State Statutes**

Okla. Stat. tit. 12, § 95(A)(3) ...............................................................1, 3

Okla. Stat. tit. 12 § 95(A)(4) ..............................................................2, 3

Okla. Stat. tit. 25, §§ 5-6 ..................................................................7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .......................................................1

**Other Authorities**

57 Am. Jur. 2d *Negligence* § 103 .............................................................9

RESTATEMENT (SECOND) OF TORTS § 8A, cmt. (b) (1965) ............................................7

RESTATEMENT (SECOND) OF TORTS § 13 (1965) .....................................................3

RESTATEMENT (SECOND) OF TORTS § 16 (1965) .....................................................6

RESTATEMENT (SECOND) OF TORTS § 46(a) .......................................................12

RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965) .............................................15

RESTATEMENT (SECOND) OF TORTS § 46 cmt. i (1965) .............................................13

RESTATEMENT (SECOND) OF TORTS § 46 cmt. k (1965) .............................................14

RESTATEMENT (SECOND) OF TORTS § 47 cmt. a (1965) .........................................13, 14

RESTATEMENT (SECOND) OF TORTS § 282 cmt. d (1965) ............................................5

William L. Prosser & W. Page Keeton, Keeton and Prosser on Torts, § 8 (5th ed.
  1984) .................................................................................6

William L. Prosser & W. Page Keeton, Keeton and Prosser on Torts, § 9 (5th ed.
  1984) .................................................................................6

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

- vii -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

William L. Prosser & W. Page Keeton, Keeton and Prosser on Torts, § 10 (5th ed. 1984) ..................................................................................................................6

William L. Prosser & W. Page Keeton, Keeton and Prosser on Torts, § 12, 60.............................13

William L. Prosser & W. Page Keeton, Keeton and Prosser on Torts, § 31 (5th ed. 1984) .................................................................................................................5, 8

William L. Prosser & W. Page Keeton, Keeton and Prosser on Torts, § 34 (5th ed. 1984) .................................................................................................................8, 14

William L. Prosser, Handbook of the Law on Torts § 34 (4th ed. 1971)..........................................7, 8

William L. Prosser, Handbook of the Law on Torts, § 8 (4th ed. 1971) ..........................................7

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

OAK #4812-1348-2296 v2

DEFENDANT'S MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS 3:16-CV-04139

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, Joe Mixon, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to dismiss Plaintiff Amelia Molitor's Complaint for failure to state a claim upon which relief can be granted.

This is a case about an alleged battery. The statute of limitations for such a claim having run, Molitor casts her claims as negligence, willful and wanton misconduct, and intentional infliction of emotional distress. Because the governing statute of limitations has expired, and for other reasons discussed herein, Molitor's Complaint should be dismissed.

## Procedural and Factual Background

Molitor sued Mixon on July 22, 2016, asserting three claims arising from an alleged incident that occurred on July 25, 2014. (Compl., Dkt. No. 1, at ¶¶ 5-6.) Molitor alleges she was socializing with friends at a restaurant in Norman, Oklahoma. (*Id.* at ¶ 6.) She alleges she encountered Mixon, their discussion grew "heated," and she pushed him. (*Id.* at ¶¶ 6-9.) Next, she claims, Mixon "forcefully struck [her] in her face with a closed fist." (*Id.*)

## Standard for Dismissal

To survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court, at this stage, accepts as true all of a plaintiff's material allegations, it does not extend this presumption to bare legal conclusions, recitations of elements, or unwarranted deductions. *Aschroft v. Iqbal*, 556 U.S. 662, 678.

## Applicable Law

As explained in Mixon's contemporaneously filed Motion to Transfer Venue, Oklahoma law governs this dispute. (Def.'s Mot. to Transfer Venue, Dkt. No. 19, at 7-10.) In the interest of economy, Mixon incorporates and adopts here the argument and authority therein.

## ARGUMENT AND AUTHORITY

### I.  MOLITOR'S CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS.

Oklahoma law provides a two-year statute of limitations for "an action for injury to the rights of another, not arising in contract, and not hereinafter enumerated." Okla. Stat. tit. 12,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

- 1 -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

1    § 95(A)(3). In the following subsection, the statute provides a one-year limitation for assault and

2    battery. *Id.* § 95(A)(4). This specific limitation on battery governs Molitor's claims.

3        Oklahoma courts discern the nature of a claim from the substance of the pleadings, not the

4    form assigned by the plaintiff. In an early decision, the Supreme Court of Oklahoma explained,

5    "[t]he character of the action is to be determined by the nature of the grievance rather than the

6    form of the petition." *Ft. Smith & W.R. Co. v. Ford*, 1912 OK 585, 126 P. 745, 746*; see also*

7    *Green v. Correll*, 1928 OK 501, 271 P. 241, 241-42 ("The rule is well settled that the character of

8    an action is determined by the nature of the issues . . . and not alone by the form in which the

9    action is brought, or by the prayer for relief."). Other jurisdictions observe this same rule.[1] This

10   careful method of discerning the cause of action is crucial to identifying the applicable statute of

11   limitations. *See Wright v. St. John's Hosp.*, 414 F. Supp. 1202, 1206 (N.D. Okla. 1976) ("[T]he

12   factual allegations of each case must be examined to determine how the state courts would

13   classify the particular allegations made.").

14       Oklahoma courts also hold that a specific statutory provision controls over a conflicting

15   general provision. *Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶ 13, 230 P.3d 853, 860; *State ex rel.*

16   *Murphy v. Boudreau*, 1982 OK 117, 653 P.2d 531, 534 ("settled rule"). Crucially, Oklahoma

17   courts apply this rule to determine the applicable statute of limitations in a given action.[2] Thus, in

18   *Wagnon v. State Farm Fire & Casualty Co.*, the Supreme Court of Oklahoma considered two

19   statutes of limitations potentially applicable to a plaintiff's claims. 1997 OK 160, 951 P.2d 641.

20   In concluding that the claims were not time-barred, the court stated the rule that "where two

21   statutes, one specific and one general, relate to the same subject, the specific statute controls." *Id.*

22   at ¶ 12. The court justified its conclusions by presenting a rhetorical question: "If the mandates of

23   ///

---

24

25   [1] *See, e.g., Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996) ("We look beyond a
     plaintiff's classification of the cause of action to examine . . . the conduct upon which the claim is
26   based."); *Sabir v. D.C.*, 755 A.2d 449, 452 (D.C. 2000) ("A plaintiff cannot seek to recover by
     'dressing up the substance' of one claim . . . in the 'garments' of another . . . .").

27   [2] *See, e.g., Brown v. Creek Cnty. ex rel. Creek Cnty. Bd. of Cnty. Comm'rs*, 2007 OK 56, ¶ 9, 164
     P.3d 1073, 1076; *Sprowles v. Thompson*, 2010 OK CIV APP 80, ¶ 21, 239 P.3d 981, 986;
28   *Garrison v. Wood*, 1998 OK CIV APP 25, ¶ 9, 957 P.2d 129, 130.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2                - 2 -              DEFENDANT'S MEMO. OF POINTS AND
                                                        AUTHORITIES IN SUPPORT OF MOTION
                                                        TO DISMISS 3:16-CV-04139

[the provision containing the applicable statute of limitations] can be so easily circumvented, why would the legislature even provide for two separate statutes of limitation?" *Id.* at ¶ 13.

The Western District of Oklahoma followed the same rule in *Koch v. Juber.* No. CIV-13-0750-HE, 2014 WL 2171753, at *2 (W.D. Okla. May 23, 2014). That court emphasized that Oklahoma's general limitations provision, § 95(A)(3), contains the exclusionary language, *"not hereinafter enumerated." Id.* (emphasis in original). It then noted that because a different statutory period for the instant claim is subsequently enumerated, that period must apply. *Id.*

The principles discussed above confirm that Molitor's claim is time-barred. Molitor's Complaint alleges that Mixon "forcefully struck" her in her face. Compl. ¶¶ 6-9. The Complaint alleges no other tortious conduct. The substance of her pleadings demonstrates the character of her action to be battery. *See* RESTATEMENT (SECOND) TORTS § 13 (1965) (stating the elements of battery to be (1) an act intending to cause harmful or offensive contact, and (2) harmful or offensive contact). Courts across the country agree: A plaintiff may not re-characterize her battery claim as one for negligence by way of artful pleading.[3] As Molitor's cause of action is for battery, it is time-barred by Oklahoma law. *See* Okla. Stat. tit. 12 § 95(A)(4).

Two Oklahoma cases confirm this point. In *Kimberly v. DeWitt,* an appellate court reviewed a plaintiff's petition alleging he was "violently beaten" by the defendants. 1980 OK CIV APP 2, 606 P.2d 612, 614. The plaintiff alleged gross negligence. *Id.* Nevertheless, in determining "what causes of action were pleaded," the court insisted that "[w]hat controls is not the pleader's designation of the nature of the cause of action; rather it is the substance of the pleading and the nature of the issues raised thereby." *Id.* Because the petition alleged intentional

///

---

[3] *See, e.g., Benavidez v. United States*, 177 F.3d 927, 931 (10th Cir. 1999) ("A mere allegation of negligence does not turn an intentional tort into negligent conduct. To determine the nature of an asserted claim, we focus not on the label the plaintiff uses, but on the conduct upon which he premises his claim as supported by the record."); *Sabir*, 755 A.2d at 452 ("A plaintiff cannot seek to recover by 'dressing up the substance' of one claim, here assault, in the 'garments' of another, here negligence."); *Friedman v. Gallinelli*, 240 A.D.2d 699, 700, 659 N.Y.S.2d 317, 318 (1997) ("If based on a reading of the factual allegations, the essence of the cause of action is, as here, assault, the plaintiff cannot exalt form over substance by labeling the action as one for negligence."). As explained in Section IV, this argument applies equally to Molitor's IIED claim.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2                    - 3 -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

violence, the court held "the substance of the pleading states only a cause of action for assault and battery." *Id.*

In *Thomas v. Casford,* the Supreme Court of Oklahoma applied the rule to facts remarkably similar to those before this Court. The court confronted the issue of what limitations period applied to a plaintiff's claim that "defendant inflicted bodily injuries upon plaintiff by striking plaintiff with his fists." 1961 OK 158, 363 P.2d 856, 857. Plaintiff argued he was suing only for the *injuries* he received and so his claim was subject to the general limitations period. *Id.* at 858. The court reviewed Oklahoma's limitations provisions and, like the Western District in *Koch,* observed that the general limitations period applies only to those actions "not hereinafter enumerated." *Id.* The court then noted that an action for assault and battery is "obviously" so enumerated. *Id.* The court rejected the plaintiff's argument that he sued only for injuries, holding "injury or damage is an element of a cause of action and is not itself a cause of action." *Id.* Accordingly, the court held the plaintiff's claims were time-barred. *Id.* Other courts have reached the same conclusion on similar facts.[4]

## II.  <u>MOLITOR ALLEGES NO NEGLIGENT CONDUCT.</u>

Molitor's Complaint alleges only intentional conduct on Mixon's part. (*See* Compl. ¶ 9.) It alleges no negligent or inadvertent conduct. While a liberal pleading standard applies to this action, surely Molitor is "required to allege in what manner [she] was injured and how [Mixon]

///

---

[4] In New York, *see, e.g., Dewitt v. Home Depot U.S.A., Inc.*, No. 10-CV-3319 KAM, 2012 WL 4049805, at *12 (E.D.N.Y. Sept. 12, 2012) (rejecting attempt to circumvent bar on battery claim by stating negligence); *Wrase v. Bosco*, 271 A.D.2d 440, 441, 706 N.Y.S.2d 434, 435 (2000) (if factual allegations indicate assault, cannot avoid limitations by casting as negligence); *Friedman*, 659 N.Y.S.2d at 318 (1997) (cannot exalt form over substance by pleading assault as negligence). For Ohio, *see, e.g., Love v. City of Port Clinton*, 37 Ohio St. 3d 98, 524 N.E.2d 166, 168 (1988) ("[W]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence."); *Dean v. Angelas*, 24 Ohio St. 2d 99, 104, 264 N.E.2d 911, 914–15 (1970); *Grimm v. White*, 70 Ohio App. 2d 201, 203, 435 N.E.2d 1140, 1141–42 (1980) ("it would circumvent the statute of limitations for assault and battery to allow that to be done"); *Williams v. Pressman*, 113 N.E.2d 395, 396-97 (Ohio Ct. App. 1953) ("excessive force" claim governed by battery limitations even if pleaded as negligence).

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

was negligent." *Farash v. Cont'l Airlines, Inc.*, 337 F. App'x 7, 9 (2d Cir. 2009) (internal quotations omitted).[5]

Under Oklahoma law, intentional conduct is not negligent. Oklahoma courts have long observed negligence "involves a state of mind which is negative . . . in which the person fails to give attention to the character of his acts or omissions." *Kile v. Kile*, 1936 OK 748, 63 P.2d 753, 755. When "a person wills to do an injury, he ceases to be negligent." *St. Louis & S.F.R. Co. v. Boush*, 1918 OK 367, ¶ 15, 174 P. 1036, 1040. Indeed, "negligence excludes the idea of intentional wrong," and "[t]he very nature of negligence as a basis of recovery is inconsistent with activity that would produce an 'expected or intended' injury." *Broom v. Wilson Paving & Excavating, Inc.*, 2015 OK 19, ¶ 32, 356 P.3d 617.

Oklahoma courts rely on Prosser's distinction between negligent and intentional acts. *See, e.g., Moran v. City of Del City*, 2003 OK 57, ¶ 11, 77 P.3d 588, 592. According to Prosser, "[i]n negligence, the actor does not desire to bring about the consequences which follow, nor does he know that they are substantially certain to occur, or believe that they will." William Lloyd Prosser & W. Page Keeton, Keeton and Prosser on Torts, § 31, 169 (5th ed. 1984). Rather, "[t]here is merely a risk of such consequences, sufficiently great to lead a reasonable person in his position to anticipate them, and to guard against them." *Id.*

This rule appears universal. As the Restatement explains, negligence "includes only such conduct . . . [that] involves a risk and not a certainty of invading the interests of another. It therefore excludes . . . the actor's intention to invade a legally protected interest." RESTATEMENT (SECOND) OF TORTS § 282 cmt. d (1965). Virtually all courts enforce the distinction between intentional torts and negligence.[6] On facts like those presented here, courts across jurisdictions

---

[5] *See also Rice v. D.C.*, 626 F. Supp. 2d 19, 24 (D.D.C. 2009) ("The trial court is not bound by a plaintiff's characterization of an action and . . . use of the terms 'carelessly and negligently,' without more, are conclusory and do not raise a cognizable claim of negligence.").

[6] *See, e.g., Brown v. J.C. Penney Corp.*, 521 F. App'x 922, 924 (11th Cir. 2013); *Haines v. Fisher*, 82 F.3d 1503, 1510 (10th Cir. 1996); *Chen v. D.C.*, 256 F.R.D. 267, 273 (D.D.C. 2009); *Wolfe v. MBNA Am. Bank*, 485 F. Supp. 2d 874, 887 (W.D. Tenn. 2007); *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 693, 846 A.2d 849, 861 (2004); *Landry v. Leonard*, 1998 ME 241, ¶ 14, 720 A.2d 907, 910; *Lynch v. Birdwell*, 44 Cal. 2d 839, 848, 285 P.2d 919, 923 (1955).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

- 5 -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

routinely hold negligence actions fail as a matter of law as the "negligent act" alleged, assault and battery, is not negligent but intentional.[7] Indeed, "[t]here is, properly speaking, no such thing as a negligent assault." Prosser & Keeton, § 10, at 46. As Oliver Wendell Holmes sagely advised, "even a dog knows the difference between being tripped over and being kicked." *Id.* at § 8, p. 33 (quoting Holmes).

Molitor may protest that her claim is distinct from the cases cited herein, because she alleges either: (a) Mixon did not intend the *extent* of the physical harm he caused, or (b) her claim is really for use of *excessive* force, rather than simply for battery. Neither distinction is viable. In fact, the intent to injure required for battery is the intent to cause harmful or offensive touching. Prosser & Keeton, § 9, at 39. ("The defendant's liability for the resulting harm extends . . . to consequences which the defendant did not intend, and could not reasonably have foreseen."). The Restatement's formulation of the required intent is also illustrative of this point:

> If an act is done with the intention of inflicting upon another an offensive but not a harmful bodily contact . . . and such act causes a bodily contact to the other, the actor is liable to the other for a battery although the act was not done with the intention of bringing about the resulting bodily harm.

RESTATEMENT (SECOND) OF TORTS § 16 (1965). As is evident, then, the relative force used or harm caused is insufficient to remove Molitor's claim from the realm of battery. Consistently, courts apply the same interpretation.[8]

---

[7] *United Nat'l Ins. Co. v. Tunnel, Inc.,* 988 F.2d 353, 353 (2d Cir. 1993) ("There is no such cause of action as negligent assault and battery."); *Frederique v. Cnty. of Nassau,* No. 11-CV-1746 (SIL), 2016 WL 1057008, at *18 (E.D.N.Y. Mar. 11, 2016) (where record suggests contact is intentional, plaintiff's negligence claim "fails as a matter of law"); *Price v. City of Wichita,* No. 12-1432-CM, 2013 WL 6081103, at *2 (D. Kan. Nov. 19, 2013) ("[B]attery is intentional, while negligence is unintentional."); *DaCruz,* 268 Conn. at 693 (because "[defendant's] assault on [plaintiff] was intentional . . . [a] finding of negligence was legally untenable"); *State Farm Fire & Cas. Co. v. van Gorder,* 235 Neb. 355, 358, 455 N.W.2d 543, 545 (1990) ("Regardless of the label [plaintiff] affixes," intentional assault not negligence.); *Kasnick v. Cooke,* 842 P.2d 440, 441 (Or. App. 1992) ("[T]here is no such thing as a negligent fist fight."); *Hockensmith v. Brown,* 929 S.W.2d 840, 845 (Mo. App. 1996) (defendant "purposefully struck" plaintiff and "no abstruse process of reasoning can torture it into an act of negligence").
[8] *See, e.g., Barreto v. Kotaj,* 1 N.Y.S.3d 727, 728-29 (N.Y. App. Term. 2014) (where plaintiff was "sucker-punched," causing him to hit head on floor and suffer brain damage, defendant "could be liable, if at all, only for assault"); *Waters v. Blackshear,* 591 N.E.2d 184, 186 (Mass.

DEFENDANT'S MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS 3:16-CV-04139

III.  **WILLFUL AND WANTON MISCONDUCT IS NOT AN INDEPENDENT TORT.**

In *Parret v. UNICCO Service Co.*, the Supreme Court of Oklahoma outlined a continuum of tortious conduct. 2005 OK 54, ¶ 15, 127 P.3d 572, 576. Negligence makes up one end of the spectrum, ranging from slight to gross, with intentional torts occupying the opposite end of the spectrum. *Id*; *see also* Okla. Stat. tit. 25, §§ 5-6. Intentionally tortious conduct requires either a "desire to cause injury" or "knowledge that such injury was substantially certain to result." *Id; see also* RESTATEMENT (SECOND) OF TORTS § 8A, cmt. (b) (1965).    Willful    and    wanton misconduct (WWMC) lies between gross negligence and intentional torts. Quoting Prosser, the *Parret* Court observed that such conduct "occupies 'a penumbra of what has been called "quasi intent."'" 2005 OK 54, ¶ 13, 127 P.3d at 576 (quoting William L. Prosser, Handbook of the Law on Torts § 34, at 184 (4th ed. 1971)). WWMC means the actor was "either aware, or did not care, that there was a substantial and unnecessary risk" that her conduct would cause "serious injury to others." Oklahoma Uniform Jury Instructions, No. 9.17 (attached hereto as Exhibit 1).

Oklahoma law carefully distinguishes the "willfulness" of WWMC from the intentionality of intentional torts: "[T]he intent in willful and wanton misconduct is not an intent to cause the injury; it is an intent to do an act—or the failure to do an act—in reckless disregard of the consequences." *Graham v. Keuchel*, 1993 OK 6, 847 P.2d 342, 362. By contrast, intentional torts involve a higher level of misconduct, wherein the actor desires to bring about the harm caused by his actions or, alternatively, knows that the same is substantially certain to follow. *Parret*, 2005 OK 54, ¶ 17, 127 P.3d at 577 (quoting Prosser, § 8, at 31). Any knowledge of risk short of substantial certainty falls short of the threshold into intentionally tortious conduct and instead remains governed by negligence principles. *Id.* at ¶ 25, 127 P.3d at 579. Again quoting Prosser, the Parret Court observed:

> [T]he mere knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classified as an intentional wrong.

1992) (intent to cause *extent* of harm irrelevant); *Mazzaferro v. Albany Motel Enterprises, Inc.*, 127 A.D.2d 374, 376, 515 N.Y.S.2d 631, 633 (1987) (excessive-force allegation is battery claim).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2                    - 7 -                    DEFENDANT'S MEMO. OF POINTS AND
                                                                   AUTHORITIES IN SUPPORT OF MOTION
                                                                   TO DISMISS 3:16-CV-04139

*Id.*

As these principles suggest, WWMC is an application of the negligence doctrine, not a standalone tort independent thereof. Because Oklahoma law surrounding the concept is so heavily indebted to Prosser's formulation, a review of his treatment is instructive. Initially, Prosser notes that "the words 'willful,' 'wanton,' or 'reckless,' are customarily applied" to the concept, "sometimes, in a single sentence, all three." *Parret*, 2005 OK 54, ¶ 16, 127 P.3d at 577, n.2 (quoting Prosser, § 34, at 184). Thus, though courts may use any of these terms, or some combination of them, they "have been treated as meaning the same thing, or at least as coming out at the same legal exit." *Id.* Moreover, "[t]hey have been grouped together as an *aggravated form of negligence,* differing in quality rather than in degree from ordinary lack of care." *Id.* (emphasis added).

Prosser's review of WWMC instructs that it should be treated as *incident to* and not independent of a plaintiff's negligence claim. Prosser explains that the words "willful," "wanton," and "reckless" each "apply to conduct which is *still, at essence, negligent,* rather than actually intended to do harm." Prosser and Keeton, § 34, at 212–13 (emphasis added); *see also id.* § 31, 170 ("[M]ental states, based upon a recognizably great probability of harm, may still properly be classed as 'negligence,' but are commonly called 'reckless,' 'wanton,' or even 'willful.'"). Rather than establishing an independent theory of recovery, WWMC simply affects the operation of traditional negligence principles: "[I]t is held to justify an award of punitive damages . . . and it will avoid the defense of ordinary contributory negligence on the part of the plaintiff." *Id.*

Oklahoma law, accordingly, treats WWMC as sounding in negligence. In *Foster v. Emery,* the Supreme Court of Oklahoma defined "wanton conduct:" "[A]lthough harm to another is not intended," nevertheless, "the act is so unreasonable and dangerous that the actor either knows or should know that there is an eminent likelihood of harm." 1972 OK 38, 495 P.2d 390, 392-93. Importantly, the *Foster* Court announced, "wanton conduct is so inextricably connected or interwoven with the law of negligence as to be *incapable of separate treatment as a distinct tort.*"

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

*Id.* at 392 (citing 57 Am. Jur. 2d *Negligence* § 103) (emphasis added).[9] Oklahoma courts have long treated the term as merely descriptive of a type or category of negligence.[10]

Federal courts have also found that Oklahoma law considers WWMC a form of negligence. In *Amoco Pipeline Co. v. Montgomery*, the Western District of Oklahoma found that, under Oklahoma law, WWMC sounds in negligence and is "not something over and beyond or apart from a negligence concept." 487 F. Supp. 1268, 1271 (W.D. Okla. 1980).

To be sure, *Amoco* wrongly predicted that Oklahoma would permit the comparative negligence defense to WWMC. *Id.* The Supreme Court of Oklahoma later decided otherwise in *Graham v. Keuchel,* where it unequivocally held that comparative negligence is not a defense to WWMC. 1993 OK 6, 847 P.2d 342. Notably, however, the court in *Graham* did not address *Amoco*'s designation of WWMC as part of negligence and "not something over and beyond or apart from a negligence concept." 487 F. Supp. at 1271. The court also did not purport to alter the holding in the *Foster* decision*,* which directed that "wanton conduct is so inextricably connected or interwoven with the law of negligence as to be incapable of separate treatment as a distinct tort." *Id.* at 392. Instead, the *Graham* Court explicitly restricted its interpretation of the relevant concepts to "*the limited purpose of allowing the jury's comparison of the parties' responsibility for the total harm.*" 847 P.2d at 342 (emphasis in original). Thus, *Graham* did not hold that WWMC is a standalone tort claim.

Accordingly, federal courts in Oklahoma continue to treat WWMC as part of a negligence claim. Recently, the Western District of Oklahoma defined WWMC by citing the *Foster* decision—strongly suggesting that the marriage of wantonness and negligence remains good law. *AKC ex rel. Carroll v. Lawton Indep. Sch. Dist. No. 8*, 9 F. Supp. 3d 1240, 1244 (W.D. Okla.

---

[9] Here, it is important to note that Molitor's WWMC claim fails for the reasons argued in the previous section: Molitor's Complaint alleges intentional conduct—distinguished by intended injury or substantial certainty—*not* willful and wanton misconduct.

[10] *See, e.g., Franke v. Midwestern Oklahoma Dev. Auth.*, 428 F. Supp. 719, 726 (W.D. Okla. 1976) (applying negligence statute of limitations); *Fox v. Oklahoma Mem'l Hosp.*, 1989 OK 38, 774 P.2d 459, 462 (treating as negligence claim); *Holman ex rel. Holman v. Wheeler*, 1983 OK 72, 677 P.2d 645, 647 (describing relevant action as "willful and wanton negligence"); *Barall Food Stores v. Bennett*, 1944 OK 78, 153 P.2d 106, 109 (describing relevant action as "willful or wanton negligence").

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

2014). There, the Western District reviewed the claim at issue as "willful and wanton negligence," though the complaint did not allege such a claim, and this presumably arose out of the plaintiff's claim for negligence. *Compare id.* and Complaint at ¶¶ 45-53, *AKC ex rel. Carroll v. Lawton Indep. Sch. Dist. No. 8*, 9 F. Supp. 3d 1240 (W.D. Okla. 2014), Dkt. No. 1, 2013 WL 1963514. Other decisions confirm that, under Oklahoma law, courts continue to apply negligence principles to WWMC claims.[11]

The great weight of authority from other jurisdictions also holds that WWMC is a theory of negligence, and not a claim of its own. For example, California courts, also following Prosser, treat the theory as "an aggravated form of negligence." *Simmons v. S. Pac. Transp. Co.*, 133 Cal. Rptr. 42, 52–53 (Cal. Ct. App. 1976). Thus, where the parties "argued extensively about whether a tort called 'willful misconduct' is recognized in California," the court found "[i]t is not a separate tort, but simply an aggravated form of negligence." *Berkeley v. Dowds*, 152 Cal. App. 4th 518, 526, 61 Cal. Rptr. 3d 304, 310-11 (2007). Similarly, Colorado embraces Prosser's definitions and recognizes WWMC to be a form of negligence and "not the equivalent of an allegation of willful or intentional injury," as "negligence is never anything more than negligence." *White v. Hansen*, 837 P.2d 1229, 1233 (Colo. 1992).

Those states that do not so heavily rely on Prosser's formulations reach the same conclusion. Under Illinois law, "[t]here is no separate and independent tort of willful and wanton conduct, but rather, [i]t is regarded as an aggravated form of negligence." *Guerrero v. Piotrowski*, 67 F. Supp. 3d 963, 968 (N.D. Ill. 2014) (internal quotations omitted). Thus, where a complaint "sets forth two counts, one for 'negligence' (Count I) and another for 'willful and wanton conduct' (Count II), they both constitute one single claim for negligence as a matter of law." *Id.* Likewise, the Southern District of New York noted that whether a WWMC claim should be

---

[11] *See, e.g., Fitzer v. Indep. Sch. Dist. No. 15 of McClain Cnty., Okla.*, No. CIV-15-552-M, 2015 WL 6160370, at *3 (W.D. Okla. Oct. 20, 2015) (dismissing "willful and wanton negligence" claim as barred by Government Tort Claims Act); *BancFirst v. Dixie Rests., Inc.*, No. CIV-11-174-L, 2012 WL 12879, at *3 (W.D. Okla. Jan. 4, 2012) (dismissing plaintiff's claims for negligence and "willful and wanton negligence" for lack of legal duty); *Mullins v. Oklahoma Pub. Emps. Ret. Sys.*, 2005 OK CIV APP 67, ¶ 19, 122 P.3d 872, 878 (school-district employee was entitled to immunity from plaintiff's claim for "willful and wanton negligence").

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

DEFENDANT'S MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS 3:16-CV-04139

dismissed depends on whether the plaintiff asserts it as an independent cause of action or merely as part of an underlying claim. *Abbatiello v. Monsanto Co.*, 522 F. Supp. 2d 524, 543 (S.D.N.Y. 2007) ("Insofar as the Landowners allege willful and wanton misconduct . . . as a separate cause of action . . . motions to dismiss are granted. However, . . . allegations of willful and wanton misconduct can be asserted as part of an underlying cause of action."). Similarly, when an appellant argued to the Supreme Court of Arizona that "wanton misconduct is a tort wholly separate from negligence," the court rejected that argument, holding "it is settled that wanton misconduct is aggravated negligence." *DeElena v. S. Pac. Co.*, 592 P.2d 759, 762 (Ariz. 1979). The vast majority of jurisdictions to have considered the question observe the same rule.[12]

Because Molitor may not plead an independent claim for WWMC, that purported claim must be dismissed and subsumed by her negligence claim. *See Guerrero*, 67 F. Supp. 3d at 968; *Abbatiello*, 522 F. Supp. 2d at 543. Because her negligence claim must be dismissed, so too must her claim for WWMC. *See Williams Field Servs. Grp., LLC v. Gen. Elec. Int'l Inc.*, No. 06-CV-0530-CVEFHM, 2009 WL 151723, at *4 (N.D. Okla. Jan. 22, 2009) ("To the extent that plaintiff's claim for willful and wanton misrepresentation is in essence a claim of aggravated negligent misrepresentation, because plaintiff cannot state a claim for negligent misrepresentation, it cannot state a claim for aggravated negligent misrepresentation.").

## IV.    **MOLITOR FAILS ADEQUATELY TO ALLEGE AN IIED CLAIM.**

In order to state an actionable claim for intentional infliction of emotional distress (IIED), Molitor must allege that Mixon deliberately set out to cause her severe emotional—not physical—harm, or else that he should have known severe emotional—not physical—injury to Molitor would be the most probable outcome of their brief confrontation. Although Molitor

---

[12] *See, e.g.*, *Billingsley v. Westrac Co.*, 365 F.2d 619, 623 (8th Cir. 1966) (Arkansas law); *Doe v. De Amigos, LLC*, 987 F. Supp. 2d 12, 16 (D.D.C. 2013) (District of Columbia law); *Ward v. Cnty. of Cuyahoga*, 721 F. Supp. 2d 677, 694 (N.D. Ohio 2010) (Ohio law); *Rhodes v. E.I. du Pont de Nemours & Co.*, 657 F. Supp. 2d 751, 762 (S.D.W. Va. 2009), *aff'd in part*, 636 F.3d 88 (4th Cir. 2011) (West Virginia law); *Robinson v. TSYS Total Debt Mgmt., Inc.*, 447 F. Supp. 2d 502, 515 (D. Md. 2006) (Maryland law); *Vance v. Wyomed Lab., Inc.*, 2016 WY 61, ¶ 15, 375 P.3d 746, 749; *Matheson v. Pearson*, 619 P.2d 321, 323 (Utah 1980) *overruled on other grounds by Wagner v. State*, 2005 UT 54, 122 P.3d 599; *Stockman v. Marlowe*, 247 S.E.2d 340, 342 (S.C. 1978).

broadly alleges that such emotional injury ensued, she has not explained how her alleged emotional distress was either the intended consequence or the primary risk of Mixon's alleged conduct. Molitor further does not allege the sort of outrageous, extreme, or atrocious misconduct that is required to properly state such a claim. Both failures require dismissal.

In embracing the tort of IIED, the Supreme Court of Oklahoma "delineated [its] scope . . . by adopting the narrow standards of § 46 of the Restatement of Torts (Second)." *Miller v. Miller*, 956 P.2d 887, 900 (Okla. 1998). Under the rule announced by the Restatement, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." RESTATEMENT (SECOND) OF TORTS § 46(a). Adhering to the standards of the Restatement, Oklahoma requires a plaintiff seeking damages for IIED to prove: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002).

The Supreme Court of Oklahoma has repeatedly emphasized that the parameters for recovery under an IIED theory are "narrow." *E.g.*, *Miller*, 956 P.2d at 900; *Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 149 (Okla. 1998). Federal courts applying Oklahoma law concur: "The standard for such a claim under Oklahoma law is demanding . . . ." *Vianes v. Tulsa Educare, Inc.*, No. 15-CV-0308-CVE-PJC, 2016 WL 3746579, at *9 (N.D. Okla. July 8, 2016). Significantly, the stringent requirements for pleading IIED are not unique to Oklahoma; rather, this standard inheres in the Restatement and extends to the jurisprudence of other states to have adopted the standard. *E.g.*, *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) ("With respect to the requirement that the plaintiff show severe emotional distress, this court has set a high bar.").

When testing the legal soundness of an IIED claim, a court must begin with the threshold inquiry of whether "the defendant acted intentionally or recklessly." *Computer Publ'ns*, 49 P.3d at 735. This initial analysis precedes any evaluation of the asserted outrageousness of the defendant's conduct or severity of the plaintiff's distress. Molitor alleges Mixon "forcefully struck [her] in her face with a closed fist." (Compl. at ¶ 9.) From this lone phrase—a simple and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

- 12 -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

self-contained allegation of battery—Molitor attempts to fashion a claim for IIED. But in trying to graft an emotional distress claim onto a separate act of battery, Molitor has impermissibly muddled two legally distinct torts.

The emotional-distress tort requires its own specific element of intentionality: "[T]he actor desires to inflict severe emotional distress, and also . . . knows that such distress is certain, or substantially certain, to result from his conduct." RESTATEMENT (SECOND) OF TORTS § 46 cmt. i (1965). If not the deliberate intention to cause severe emotional harm, the conduct must at least evince reckless disregard of doing so: The defendant must act "in deliberate disregard of a high degree of probability that the emotional distress will follow." *Id.* Under the Restatement, this means that "[t]he rule stated in § 46 creates liability only where the actor intends to invade the interest in freedom *from severe emotional distress.*" *Id.* § 47 cmt. a (1965) (emphasis added). In other words, "[t]here is no liability under section 46 if the actor 'intends to invade *some other* legally protected interest,' even if emotional distress results." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 67 (Tex. 1998) (quoting RESTATEMENT (SECOND) OF TORTS § 47 cmt. a (1965) (emphasis added)). This also holds true where the defendant has acted only recklessly. "From the structure of the Restatement, it is clear that section 46 is meant to provide redress only when the tortfeasor desired *or anticipated* that the plaintiff would suffer severe emotional distress." *Id.* (emphasis added).

Molitor claims Mixon "intentionally or recklessly . . . caused severe emotional distress." (Compl. at ¶ 26.) This conclusory assertion is not supported by any adequately plead factual allegation. Again, "where the actor's conduct is tortious solely because it involves a risk of invading an interest *other than the interest in freedom from emotional distress*, the tortious quality of the act is insufficient to create liability *for emotional distress alone.*" RESTATEMENT (SECOND) OF TORTS § 47 cmt. a (1965) (emphasis added).[13]

---

[13] *See also Ochoa v. Superior Court*, 703 P.2d 1, 4 n.5 (Cal. 1985) ("It has been said in summarizing the cases discussing intentional infliction of emotional distress that 'the rule which seems to have emerged is that there is liability for conduct . . . of a nature which is *especially calculated to cause*, and does cause, mental distress of a very serious kind.'") (quoting Prosser and Keeton, § 12, 60) (emphasis in *Ochoa*).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

1    Setting aside her purely conclusory statement that Mixon acted "intentionally or

2    recklessly," nothing in Molitor's Complaint establishes the required link between the alleged act

3    of battery with the alleged resultant impact of "severe emotional distress." (Compl. at ¶¶ 9, 23,

4    26.) The Complaint does not show that Mixon could have "especially calculated" his alleged

5    physical assault to carry with it a grim retinue of *emotional* consequences, severe or otherwise.

6    *See Ochoa*, 703 P.2d at 4 n.5 (quotation omitted).

7    The Complaint also fails to set out a case for emotional harm stemming from reckless

8    conduct. The reckless tortfeasor acts "in disregard of a known or obvious risk that was so great as

9    to make it highly probable that harm would follow." Prosser and Keeton, § 34, 213. An alleged

10   heated exchange of words, followed by a push and a strike to the face—with nothing else—does

11   not carry an intended risk of serious psychological harm, as is required for this particular tort.

12   This alleged conduct would have involved a "*primary* risk" of physical injury alone. *Standard*

13   *Fruit*, 985 S.W.2d at 68 (emphasis added). That puts a claim for IIED out of reach.

14   Indeed, Molitor has alleged the converse of the typical IIED claim. "Normally, severe

15   emotional distress is accompanied or followed by shock, illness, or other bodily harm, which in

16   itself affords evidence that the distress is genuine and severe." *Id.* cmt. k. Where "conduct is

17   sufficiently extreme and outrageous there may be liability for the emotional distress alone,

18   without such [physical] harm." *Id.* Rather than alleging physical shock resulting from intended

19   emotional harm, Molitor instead claims emotional shock resulting from physical harm. The tort of

20   IIED was never intended to apply here. *See Standard Fruit*, 985 S.W.2d at 67 n.4 ("[T]he 22

21   illustrations accompanying section 46 reflect the tort's limited scope . . . . In each scenario, the

22   only possible injury to the victim from the conduct described is emotional distress.").

23   What Molitor proposes is too broad an application for this tort and would open the door

24   for every simple alleged battery to be converted into IIED. "[F]irst and foremost," IIED evolved

25   as "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare

26   instances in which a defendant intentionally inflicts severe emotional distress in a manner so

27   unusual that the victim has no other recognized theory of redress." *Hoffman–LaRoche Inc. v.*

28

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

*Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).[14] Here, a recognized theory of redress was conceivably available: the tort of battery. Molitor did not pursue recovery for that intentional tort. The infliction of severe emotional distress on Molitor was not the "intended consequence or primary risk" of Mixon's alleged conduct. *Standard Fruit*, 985 S.W.2d at 67. In the corresponding absence of any showing that "the defendant acted intentionally or recklessly" in causing alleged emotional distress, Oklahoma law—bulwarked by the Restatement and its large body of companion jurisprudence—dictates dismissal for failure to state a claim. *Computer Publ'ns*, 49 P.3d at 735.

The second element of a claim for IIED "requires proof that the defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and that such conduct is regarded as atrocious and utterly intolerable in a civilized community." *Id.*; *see also* RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965). Because IIED was never meant to supplant previously available and adequate theories of tort recovery, courts have scarcely had occasion to evaluate the extreme and outrageous nature of an assault or battery when assessing the viability of an IIED claim. An exception is found in the arena of domestic violence cases, where a former partner might allege an egregious pattern of physical abuse and assert that severe emotional distress was intended in those particular circumstances. These cases, which involve a long pattern of physical batteries between persons who lived together in an intimate relationship, suggest the proper—and rare—legal intersection of battery with extreme and outrageous conduct causing severe emotional distress.[15]

---

[14]*See also K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. 1996) ("[W]here one's conduct amounts to the commission of one of the traditional torts, *such as battery*, and the conduct was not intended *only* to cause extreme emotional distress to the victim, the tort of intentional emotional distress will not lie, and recovery must be had under the appropriate traditional common-law action.") (emphasis added); *Rice v. Janovich*, 742 P.2d 1230, 1238 (Wash. 1987) ("The language of the Restatement supports a conclusion that outrage should allow recovery only in the absence of other tort remedies."); *Criss v. Criss*, 356 S.E.2d 620, 622 (W. Va. 1987) (because "the claim for the tort of outrageous conduct is duplic[ative] of the claim for assault and battery[,] . . . it would be inappropriate to allow [plaintiff] to also recover damages based on the tort of outrage").

[15] *See, e.g., Curtis v. Firth*, 850 P.2d 749, 755, 757 (Idaho 1993) (finding a "causal connection between the wrongful conduct and the emotional distress" where conduct involved repeated

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4812-1348-2296 v2

- 15 -

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139

The facts alleged here do not compare with those sorts of domestic-violence cases. Molitor alleges she encountered Molitor, they briefly exchanged words, she pushed him, and he struck her. This Complaint does not allege the type of egregious misconduct that the tort of intentional infliction of emotional distress was intended to address.

## CONCLUSION

For the foregoing reasons, Mixon respectfully urges the Court to dismiss Molitor's claims.

Dated: September_2, 2016   **CROWE & DUNLEVY, P.C.**
Mark S. Grossman
J. Blake Johnson
Cullen D. Sweeney

**BURKE, WILLIAMS & SORENSEN, LLP**
J. Leah Castella


By: /s/ J. Leah Castella
   *[signing attorney]*
   Attorneys for Defendant
   JOE MIXON

---

beatings and sexual assaults, noting that "[b]y its very nature this tort will often involve a series of acts over a period of time, rather than one single act causing severe emotional distress").

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

DEFENDANT'S MEMO. OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS 3:16-CV-04139