## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMELIA MOLITOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-16-1202-HE |
| | ) | |
| JOE MIXON, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff Amelia Molitor brought this action against defendant Joe Mixon, asserting claims for negligence, willful and wanton misconduct, and intentional infliction of emotional distress. The claims arise out of a July 25, 2014, incident involving the two of them. The case was originally filed in the United States District Court for the Northern District of California, and later transferred by that court to this one. Defendant Mixon has moved to dismiss plaintiff's claims under Fed.R.Civ.Pro. 12(b)(6) and the motion is at issue.

When considering whether claims should be dismissed under Fed.R.Civ.Pro. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive the motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court

to infer the defendant's liability. <u>Shields</u>, 744 F.3d at 640 (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

The <u>Twombly/Iqbal</u> pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640–41 (quoting <u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012)). Also, courts must not simply accept the labels a plaintiff attaches to claims, but must rather examine the "conduct upon which [the plaintiff] premises his claim as supported by the record" to determine whether the plaintiff states a plausible claim. <u>Benavidez v. United States</u>, 177 F.3d 927, 931 (10th Cir. 1999).

## Background

According to the complaint,[1] plaintiff and her friends were socializing in the Campus Corner area of Norman, Oklahoma, on the evening of July 25, 2014. She and her friends engaged in a discussion with defendant Mixon, a University of Oklahoma student and football player. The discussion allegedly became "heated and animated." Plaintiff and her friends entered a nearby restaurant and were seated at a table. Defendant then entered the same restaurant and allegedly approached plaintiff and her friends, initiating a further discussion with them. That discussion became "more heated." The complaint alleges that, in "an effort to end the discussion … Molitor pushed Mixon away

---

[1] *A motion to dismiss based on Fed.R.Civ.Pro. 12(b)(6) tests the sufficiency of the pleadings alone. The court has not considered the news articles or other materials outside the complaint referenced by the parties.*

from their table." It further alleges that Mixon then "forcefully struck Molitor in her face with a closed fist . . .," resulting in substantial physical injuries as well as emotional distress and other injuries.

## Analysis

As noted above, plaintiff asserts claims for negligence, wanton and willful misconduct, and intentional infliction of emotional distress. Defendant seeks dismissal of the claims on the basis that they are all, in substance, claims for battery and, as such, are barred by Oklahoma's one year statute of limitations for battery claims. 12 OKLA. STAT. § 95(A)(4).[2] Plaintiff asserts that her claims are not for battery and are hence subject to Oklahoma's two year limitations period for other tort claims. *Id*. § 95(A)(3). The complaint does not purport to assert a claim for battery, so there is no claim to which the one year statute could now be directly applied. Rather, the question for present purposes is whether the complaint states claims for something other than battery. The parties agree that Oklahoma law determines the substantive issues in the case.

1. Negligence claim.

Defendant argues that the complaint's allegations are of intentional conduct, in the nature of battery, rather than negligent conduct. The court agrees. Under Oklahoma law, intentional acts cannot be the basis for a negligence claim. The Oklahoma cases indicate

---

[2] *There appears to be no dispute that, under Oklahoma law, the limitations period for a battery claim is one year. Similarly, it appears clear that the filing of this case in a California federal court does not make some other period applicable to the battery claim. Even if California law was applied, it would not result, in the circumstances existing here (plaintiff is not a California resident), in any different or longer limitations period. See Cal. Civ. Proc. Code § 361.*

that "[n]egligence, in its generally accepted meaning, has in it no element of willfulness; but involves a state of mind which is negative; a state of mind in which the person fails to give attention to the character of his acts or omissions or to weigh their probable or possible consequences." Broom v. Wilson Paving & Excavating, Inc., 356 P.3d 617, 629 (Okla. 2015) (quoting Kile v. Kile, 63 P.2d 753, 755 (Okla. 1936)).  This means that "[n]egligence excludes the idea of intentional wrong and when 'a person wills to do an injury, he ceases to be negligent.'" Id. (quoting St. Louis & S.F.R. Co. v. Boush, 174 P. 1036, 1040 (Okla. 1918)).

The complaint's allegations as to Mixon's actions all involve intentional conduct. As noted above, the complaint alleges that Mixon, in the midst of a heated discussion, "forcefully struck Molitor in her face with a closed fist . . ." causing significant physical injury to her.  Even viewing the complaints allegations in the light most favorable to plaintiff, the court cannot discern any basis for viewing them as anything other than allegations of intentional conduct.[3]  And an intentional tort does not become negligence just by labeling it as such. Benavides, 177 F.3d at 931 ("a mere allegation of negligence does not turn an intentional tort into negligent conduct").  As a result, no claim for negligence is stated in the complaint and defendant's motion will be granted as to the negligence claim.

---

[3] *It is true, as plaintiff urges, that a party may plead alternative theories arising out of the same facts, but there must still be some basis in those facts for concluding that a particular claim or theory of recovery is plausibly supported by them.*

2. <u>Willful and wanton conduct.</u>

The complaint purports to state a claim for willful and wanton conduct, alleging that Mixon's conduct in striking plaintiff with a closed fist demonstrates "a callous indifference and reckless disregard for [plaintiff's] . . . safety." Defendant argues that plaintiff's willful and wanton misconduct claim is simply another allegation of negligence, is not a separate tort under Oklahoma law, and should be dismissed for the same reason as the negligence claim.

Under Oklahoma law, willful and wanton conduct is viewed as a type of tortious conduct that falls between gross negligence and intentional actions. <u>Parret v. UNICCO Serv. Co.</u>, 127 P.3d 572, 576 (Okla. 2005) (superseded on other grounds by statute). Although the cases are not altogether clear on the point, the Oklahoma Supreme Court appears to have treated willful and wanton conduct as a unique level of negligent conduct, rather than as a separate tort. <u>Parret</u> noted that, according to Prosser's Handbook of Torts, willful, wanton, and reckless conduct is "grouped together as an aggravated form of negligence, differing in quality rather than in degree from ordinary lack of care." *Id*. at 577 n.2. In an earlier case, the Oklahoma Supreme Court concluded that wanton conduct "is so inextricably connected" with negligence law that it is "incapable of separate treatment as a distinct tort." <u>Foster v. Emery</u>, 495 P.2d 390, 392 (Okla. 1972). Another case references willful and wanton conduct as being different both in kind and degree from ordinary negligence, <u>Graham v. Keuchel</u>, 847 P.2d 342, 362

5

(Okla. 1993), but appears to stop short of creating some separate tort different from one sounding in negligence.

The court concludes it is unnecessary to definitively resolve here the question of whether "willful and wanton" conduct could conceivably be viewed as a separate tort. Whether viewed as a separate tort or as another classification of a negligence claim, the court concludes the complaint's allegations do not support an inference of anything other than an intentional tort.

Willful and wanton conduct consists of "an intent to do an act—or the failure to do an act—in reckless disregard of the consequences and under such circumstances that a reasonable man would know, or have reason to know, that such conduct would be likely to result in substantial harm to another." *Id.* at 362. Thus willful and wanton misconduct does not include situations where the actor specifically intends to cause harm, but involves situations where the actor does something knowing of a high probability that serious harm will result from his actions. Parret, 127 P.3d at 576. An intentional tort, by contrast, requires a desire to cause injury or at least the knowledge that such injury "was substantially certain to result." *Id.*

Here, the court concludes the allegations of the complaint do not support any inference other than that an intentional tort occurred. As discussed above, the allegations are that plaintiff and defendant had a heated conversation, after which plaintiff shoved defendant. Defendant then allegedly struck plaintiff in the face with a closed fist, hard enough to cause significant physical injury. The allegations show that defendant either desired to injure plaintiff or at the very least he was substantially certain that his actions

would injure her.   The allegations do not suggest that defendant was only reckless regarding the risk of injury.  Even viewing the allegations in the light most favorable to plaintiff, they do not support an inference that defendant's actions were anything other than intentional conduct under Oklahoma law, and therefore could not be willful and wanton.

Defendant's motion will be granted insofar as plaintiff seeks to assert a claim for "willful and wanton" conduct.

### 3.  Intentional Infliction of Emotional Distress.

Defendant challenges the intentional infliction of emotional distress ("IIED" hereafter) claim on the basis that it is not available where another tort like battery also applies to the same conduct—i.e. it is a "gap filler."  He also asserts that the complaint does not adequately allege an intent on defendant's part to cause emotional harm to plaintiff or the necessary extreme and outrageous conduct.   The court concludes otherwise.

Oklahoma has adopted IIED as an independent tort.  Breeden v. League Servs. Corp., 575 P.2d 1374, 1376 (Okla. 1978).   Further, the Oklahoma cases have permitted recovery for IIED even in situations where a battery is also alleged to have occurred.  *See* Chandler v. Denton, 741 P.2d 855, 859-60, 863, 867 (Okla. 1987) (allowing recovery for IIED where a time-barred battery claim arose out of the same circumstances);[4] Irwin v. SWO Acquisition Corp., 830 P.2d 587, 590 (Okla. Civ. App. 1992) (both battery and

---

[4] *Although* Chandler *did not directly address the issue, it at least suggests that Oklahoma does not view an IIED claim as only a "gap filler."*

IIED claims properly submitted to the jury). As a result, the fact that plaintiff also had a potential battery claim arising out of the same circumstances does not mean she is precluded from pursuing an IIED claim.

This tort is "governed by the narrow standards of the RESTATEMENT (SECOND) OF TORTS, § 46." Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002). "To recover damages for intentional infliction of emotional distress, a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Id.

As discussed above, the complaint plainly alleges intentional conduct on defendant's part. To the extent a specific intent to inflict emotional distress is required, the court concludes such a conclusion is among the permissible inferences that might be drawn from the alleged facts. Similarly, the alleged facts, viewed in the light most favorable to the plaintiff, support an inference that the alleged conduct was extreme and outrageous. They are also sufficient to allege that defendant's conduct caused plaintiff emotional distress and that the emotional distress was severe. Although some of the allegations as to the distress and severity of it are conclusory in nature, the court concludes the allegations—of a substantial physical attack, sufficient to cause significant physical injury, in a public location—are sufficient to support an inference of severe emotional distress from the encounter. The court therefore concludes that the allegations of the compliant are sufficient to state a plausible IIED claim.

## Conclusion

For the reasons stated, defendant's motion to dismiss [Doc. #20] is **GRANTED** as to the purported claims for negligence and wanton and willful conduct, but **DENIED** as to the IIED claim. The court has considerable doubt that the deficiencies as to the negligence and wanton conduct claims can be cured by amendment, but concludes it is premature to definitively conclude that at this point. Plaintiff's amended complaint, if any, shall be filed within 14 days.

**IT IS SO ORDERED**.

Dated this 21st day of November, 2016.

JOE HEATON
CHIEF U. S. DISTRICT JUDGE