## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

AMELIA MOLITOR,                    )
                                   )
                Plaintiff,         )
                                   )
vs.                                )   Case No. CIV-16-1202-R
                                   )
JOE MIXON,                         )
                                   )
                Defendant.         )

### DEFENDANT'S ANSWER

Defendant Joe Mixon, in response to Plaintiff Amelia Molitor's Complaint, filed a Motion to Dismiss the three claims asserted in that Complaint. Two of the three claims stated in Ms. Molitor's Complaint were dismissed by this Court, pursuant to the Order entered November 21, 2016 (Dkt. No. 44). Plaintiff was permitted 14 days to file an amended Complaint, if she wanted to restate the two dismissed claims. That period has now expired, and Plaintiff has not filed an amended Complaint. For his Answer to the remaining claim and allegations in the Complaint (Dkt. No. 1), Defendant states as follows:

1.     Defendant understands and agrees that diversity jurisdiction over this action is appropriate, pursuant to 28 U.S.C. § 1332, as alleged in paragraph 1 of the Complaint.

2.     Defendant admits that his domicile is in Contra Costa County, California, as alleged in paragraph 2 of the Complaint. Defendant denies that venue is appropriate in the Northern District of California, and this matter appropriately was transferred, on Defendant's Motion and over Plaintiff's Objection, from the Northern District of

California to the Western District of Oklahoma pursuant to the Order entered October 14, 2016 (Dkt. No. 34).

3.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint, although he understands that Plaintiff is domiciled in a different state than he is for purposes of diversity jurisdiction.

4.     Defendant denies the allegations contained in paragraph 4 of the Complaint.  Defendant states that, though his domicile is in Contra Costa County, California, Defendant was, at all times mentioned in Plaintiff's Complaint, residing in Cleveland County, Oklahoma while attending college at the University of Oklahoma.

5.     Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.     Defendant admits that in the early morning of July 25, 2014, outside the front door of Pickleman's Gourmet Café in Norman, Oklahoma, Plaintiff repeatedly instigated hostile conversations with Defendant and other individuals with Defendant at that time.  Defendant did not previously know Plaintiff, nor had he seen her before.  Defendant denies that he became "heated and animated" toward Plaintiff at that time, as alleged in paragraph 6 of the Complaint.

7.     Defendant admits that Plaintiff and a male friend then entered Pickleman's Gourmet Café.  Defendant does not know Plaintiff's purpose for entering the restaurant, and denies that Plaintiff and her friends "settled in" at a table with others, as alleged in paragraph 7 of the Complaint.  Defendant states that Plaintiff and her friend instead stood over a table while speaking to an individual seated nearby with friends.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint.  Defendant states that Plaintiff motioned to Defendant, who was standing near the doorway of Pickleman's, to approach her at the table where she was standing, and that Plaintiff initiated further discussion with Defendant.  Defendant further states that he overheard Plaintiff saying that Defendant and other "black" men were trying to "jump" her outside the restaurant.  Defendant further states he heard Plaintiff and/or members of Plaintiff's party use racial slurs in referring to Defendant.

9.      Defendant admits he is a football player at the University of Oklahoma, as alleged in paragraph 9 of the Complaint. The other allegations in paragraph 9 are misleading and incomplete.  Defendant states he turned and attempted to leave the discussion and restaurant, but, as just as he did so, Plaintiff lunged toward him and shoved him in the chest.  Defendant states that he then made an aggressive gesture toward Plaintiff in response and verbally warned her to leave him alone.  Defendant states that Plaintiff then placed her left hand on Defendant's chest and, with her right hand, struck him in the face.  Defendant admits that he then struck Plaintiff in the face, and she fell, her face striking the table to her side.

10.     The claims for negligence and for willful and wanton conduct referenced in paragraph 10 of the Complaint have been dismissed.  To the extent any allegations in paragraph 10 are relevant to the remaining claim in the case, Defendant denies those allegations.

11.     Plaintiff's first claim for negligence, as described in paragraphs 11 through 15 of the Complaint, has been dismissed by this Court, pursuant to the Order entered

November 21, 2016, and no further response is required to that claim.  To the extent any factual allegations in paragraphs 11 through 15 are relevant to the remaining claim in the case, Defendant denies those allegations.

12.    Plaintiff's second claim for "willful and wanton misconduct," as described in paragraphs 16 through 21 of the Complaint, has been dismissed by this Court, pursuant to the Order entered November 21, 2016, and no further response is required to that claim.  To the extent that any factual allegations in paragraphs 16 through 21 are relevant to the remaining claim in the case, Defendant denies those allegations.

13.     As to the remaining claim for intentional infliction of emotional distress described in paragraphs 22 through 30 of the Complaint, Defendant specifically denies that any injuries Plaintiff claims to have sustained, as described in paragraph 23 of the Complaint, were the result of Defendant's actions.

14.    Defendant denies any implication in paragraph 24 of the Complaint that any emotional injuries Plaintiff claims to have experienced are the result of Defendant's actions.  Defendant presently is without sufficient information to know how Plaintiff engages with family and friends, as referenced in paragraph 24 of the Complaint.

15.    Defendant specifically denies that any injuries Plaintiff claims to have sustained, as described in paragraph 25 of the Complaint, are the result of Defendant's actions.

16.    Defendant denies the allegations contained in paragraph 26 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

18.     Defendant denies that any injury, loss, or damage Plaintiff claims to have sustained, as described in paragraphs 28 and 29 of the Complaint, are the result of Defendant's conduct.  Defendant further specifically denies that Plaintiff is entitled to recover any damages as described in paragraph 28 of the Complaint on this particular claim.

19.     Defendant denies the allegations contained in paragraph 30 of the Complaint, and denies that Plaintiff is entitled to any of the relief, including punitive damages, described therein.  Defendant further states that Plaintiff's allegation that punitive damages are necessary to "prevent future similar treatment of other employees" is inconsistent with the facts alleged in her Complaint, and may have been inadvertently included.

Defendant further denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately following Paragraph 30 and beginning with the word "WHEREFORE."  Any allegations not specifically admitted or denied above are hereby denied.

## AFFIRMATIVE AND RELATED DEFENSES

Defendant asserts the following defenses to the remaining claim in the Complaint, and incorporates his responses, as set forth above, in his defenses.  By pleading these defenses, Defendant does not concede that he has the burden of proof or persuasion as to any defense, such determination to be made by applicable law.  Defendant also reserves

the right to amend his Answer to assert additional defenses in light of information disclosed during discovery.  Defendant states that Plaintiff's Complaint is barred, in whole or in part, by virtue of the following defenses:

1.      Plaintiff fails to state a claim on which relief can be granted.

2.      Plaintiff's claim is barred by statute of limitations.

3.      Plaintiff by her conduct contributed in whole or in part to any claimed loss or injuries.

4.      Plaintiff may not recover for any alleged physical injuries by virtue of her claim for intentional infliction of emotional distress.

5.      Defendant did not act with the intent to cause emotional distress.

6.      Defendant's conduct was not extreme and outrageous.

7.      Plaintiff's emotional distress is not sufficiently severe to state a claim for intentional infliction of emotional distress.

8.      Plaintiff may not recover for any emotional distress caused by the independent actions of third parties and unintended by Defendant.

9.      Plaintiff's claims are barred, in whole or part, by the doctrines of estoppel, waiver, or laches.

Respectfully Submitted,

s/ J. Blake Johnson
MARK S. GROSSMAN, OBA #10318
J. BLAKE JOHNSON, OBA #32433
CULLEN D. SWEENEY, OBA #30269

CROWE & DUNLEVY, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
mark.grossman@crowedunlevy.com
blake.johnson@crowedunlevy.com
cullen.sweeney@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT JOE MIXON**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2016, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Rusty Smith
Brennan Smith & Cherbini PLLC
P.O. Box 1067
Muskogee, Oklahoma 74402
rsmith@muskogeelawyers.com

Ben D. Baker
Ben Baker Attorney at Law
109 N. Second
Purcell, Oklahoma 73080
bendbaker@gmail.com

Robert H. Bohn Jr.
Bohn & Fletcher LLP
333 W. Santa Clara Street, Suite 620
San Jose, California 95113
rob@bohnlaw.com

s/ J. Blake Johnson
J. Blake Johnson

3142336.2