## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMELIA MOLITOR | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1202-R** |
| | ) | |
| **JOE MIXON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference  February 7, 2017 at 2:45 p.m.

Appearing for Plaintiff: Ben Baker, Ben Baker Attorney at Law, PLLC and David R. Smith, Brennan, Smith & Cherbini, PLLC

Appearing for Defendant: Mark Grossman and Blake Johnson, Crowe & Dunlevy, P.C.

## Jury Trial Demanded  X  Non-Jury Trial __

1.    **BRIEF PRELIMINARY STATEMENT**.

Plaintiff Amelia Molitor contends that Defendant Joe Mixon and other men verbally harassed her and a male friend outside Pickleman's Gourmet Café in the Campus Corner district in Norman, Oklahoma during the early morning hours of July 25, 2014.  She claims she entered the restaurant with her friend out of fear, and that Mixon entered shortly afterward.  After more words were exchanged inside the restaurant, a physical altercation between Molitor and Mixon occurred.  A security camera inside the restaurant recorded video of the physical altercation.

The parties disagree about what occurred and was said, both outside and inside the restaurant.  They agree that the physical altercation inside the restaurant ended with Mixon hitting Molitor in the face, and that Molitor suffered broken bones in her face.

Molitor asserts Mixon is liable to her for intentional infliction of emotional distress.  She contends as a result of Mixon's conduct she experienced, and continues to experience severe emotional distress, including, but not limited to, humiliation, embarrassment, anger, grief, anxiety, fright, horror, depression, disappointment,

worry, distrust and discomfort. Molitor contends she also suffered substantial physical injuries, pain and suffering, and will sustain future medical charges. She contends she has suffered past, present and future lost earnings and/or earning capacity. Molitor also contends Mixon's conduct toward her was willful and malicious, entitling her to punitive damages.

Mixon contends the facts and circumstances do not fit the claim asserted, and that Molitor cannot establish the elements required to prove her claim. He believes Molitor asserted a claim for intentional infliction of emotional distress because the one-year limitations period for a claim of assault and battery already had expired. Mixon also denies Molitor is entitled to recover any actual or punitive damages on any claim.

2.      **JURISDICTION**.   28 U.S.C. §1332 Diversity Jurisdiction

3.      **STIPULATED FACTS**.
   1)      The physical altercation between Molitor and Mixon occurred inside Pickleman's Gourmet Café, in the Campus Corner areas of Norman, Oklahoma, at approximately 2:40 a.m. on July 25, 2014.
   2)      At all times relevant to this action, Molitor was domiciled in the State of Texas, and Mixon was domiciled in the State of California. At the time of the altercation, Molitor was twenty years of age, and residing in Norman while attending the University of Oklahoma. Mixon was eighteen years of age, and had recently arrived in Norman to attend the University of Oklahoma and participate on the University's football team.
   3)      A security camera located inside Pickleman's Gourmet Café recorded video of the altercation. The video does not include any audio recording of what was said by any of the individuals inside the restaurant.

4.      **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a.      Plaintiff:

      1. Intentional Infliction of Emotional Distress

         With respect to this claim, Defendant Mixon's actions in the setting in which they occurred (both inside and outside of Pickleman's Gourmet Café) were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society. Likewise, Mixon intentionally and/or recklessly caused severe emotional distress to Plaintiff, Molitor, and this was and is beyond that which a reasonable person could be expected to endure.

2. Punitive or Exemplary Damages

   With respect to this claim, Mixon's conduct was in reckless disregard of Molitor's rights. Mixon was either aware, or did not care, that there was a substantial and unnecessary risk that his conduct, both outside and inside of Pickleman's, would cause serious injury to Molitor and possibly others. Mixon's conduct was unreasonable under the circumstances, and there was a high probability that his conduct would cause serious harm to Molitor and possibly others. Mixon's conduct involved hatred, spite, ill-will, and/or one or more wrongful acts done intentionally and without just cause or excuse.

   The following factors, while not exhaustive, should be considered with respect to this claim:

   a. the seriousness of the hazard to the public arising from Mixon's misconduct;

   b. how long the conduct lasted and whether it is likely to continue;

   c. whether there were attempts to conceal the misconduct;

   d. how aware Mixon was of the conduct and its consequences and how aware Mixon was of the hazard and of its excessiveness;

   e. the attitude and conduct of Mixon following the misconduct/hazard; and

   f. the financial condition of Mixon.

3. Admission of Responsibility

   On December 23, 2016, Mr. Mixon publicly apologized to Ms. Molitor in a televised press conference. In the conference, Mr. Mixon stated, among other things:

   > "Honestly, it really don't matter what she did. It's all on me, the reason why we're in this position right now. I take full responsibility of what happened that night. It's never OK to hit a woman. Never, and I will preach that to anybody."

3

4. Plaintiff's claims of negligence and willful and wanton conduct have been dismissed by the Court (Doc. 44).

   b.    Defendant:
      1.    Plaintiff is unable to establish the elements of a claim for intentional infliction of emotional distress.
         (a)    Plaintiff cannot show Defendant intended to cause her severe emotional distress, or that he knew or was substantially certain she would experience severe emotional distress.
         (b)    In view of the facts and circumstances, Plaintiff cannot show that Defendant's conduct was "extreme and outrageous" as required to prove her claim.
         (c)    Plaintiff cannot show emotional distress resulting from Defendant's conduct which is sufficiently severe to support her claim.
      2.    By asserting a claim for intentional infliction of emotional distress, Plaintiff is improperly attempting to evade the one-year statute of limitations which bars any claim for assault and battery.
      3.    By her conduct Plaintiff contributed to her claimed emotional distress injuries.
      4.    Plaintiff may not recover for emotional distress caused by the independent actions of third parties and unintended by Defendant.
      5.    Plaintiff may not recover any award for alleged physical, as opposed to emotional, injuries.
      6.    Defendant denies he acted willfully or maliciously, or in any way that might justify an award of punitive damages.

5.    **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

                     Yes     X     No

6.    **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

Plaintiff anticipates filing a motion for summary judgment on her claims for Intentional Infliction of Emotional Distress. Pending discovery, Plaintiff may seek leave to amend her Complaint.

Defendant anticipates filing a motion for summary judgment on Plaintiff's claim for intentional infliction of emotional distress upon completion of discovery necessary for such a motion.

7.  **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?     _X_ Yes     ___ No

If "no," by what date will they be made? _____

8.  **PLAN FOR DISCOVERY**.

   A.  The discovery planning conference (Fed. R. Civ. P. 26(f)): <u>A discovery planning conference as contemplated under Fed.R.Civ.P. 26(f) was held between respective counsel for Plaintiff and Defendant on November 28, 2016.  Following the status/scheduling conference on December 1, 2016 in the related case, Molitor v. Pickleman's Franchising, L.L.C., et al., case no. CIV-16-834-R, respective counsel for Plaintiff and the defendants in this case and the Pickleman's case discussed and eventually agreed that the two cases should be consolidated for discovery purposes.  The respective attorneys in both cases therefore had a supplemental discovery planning conference on January 23, 2017.</u>

   B.  The parties anticipate that discovery should be completed within:

   <u>One Hundred Eighty (180) days.</u>

   C.  In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

   <u>Ninety (90) days</u>

   D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

   _X_ Yes     ___ No

   E.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

   _X_ Yes     ___ No

   To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert

claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

F.   Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Expert reports should be prepared and exchanged as follows:  Plaintiff's Expert Report(s) at least sixty (60) days prior to discovery cut-off; Defendant's Expert Report(s) at least thirty (30) days prior to discovery cut-off.

9.   **ESTIMATED TRIAL TIME**: 4-5 days

10.  **BIFURCATION REQUESTED**:          Yes    X   No

11.  **POSSIBILITY OF SETTLEMENT**:          Good  x  Fair       Poor

12.  **SETTLEMENT AND ADR PROCEDURES**:

A.   Compliance with LCvR 16.1(a)(1) - ADR discussion:

     X   Yes        No

B.   The parties request that this case be referred to the following ADR process:

          Court-Ordered Mediation subject to LCvR 16.3
      X   Judicial Settlement Conference (requested by Plaintiff)
      X   Other: After sufficient discovery, parties may agree to private
          mediation.
          None - the parties do not request ADR at this time.

13.  Parties consent to trial by Magistrate Judge?          Yes    X   No

14.  Type of Scheduling Order Requested.     X   Standard          Specialized
     (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th day of January, 2017.

By:     /s/ Ben Baker
            BEN BAKER, OBA# 21475
            BEN BAKER, ATTORNEY AT LAW, PLLC
            109 North 2nd Street
            Purcell, Oklahoma 73080
            Telephone: (405) 527-8001
            Facsimile: (405) 527-1539
            Email: bendbaker@gmail.com

            and

By:     /s/ David Rusty Smith
            DAVID R. SMITH, OBA# 19575
            ALEX C. WILSON, OBA# 31433
            BRENNAN, SMITH & CHERBINI, PLLC
            P.O. Box 1067
            Muskogee, Oklahoma 74402-1067
            Telephone: (918) 687-4400
            Facsimile: (918) 687-4430
            Email: rsmith@muskogeelawyers.com
            Email: awilson@muskogeelawyers.com
            **ATTORNEYS FOR PLAINTIFF AMELIA MOLITOR**

By:     /s/ Mark S. Grossman
            MARK S. GROSSMAN, OBA #10318
            J. BLAKE JOHNSON, OBA #32433
            CULLEN D. SWEENEY, OBA #30269
            CROWE & DUNLEVY, P.C.
            Braniff Building
            324 North Robinson Avenue, Suite 100
            Oklahoma City, Oklahoma 73102
            (405) 235-7700
            (405) 239-6651 (Facsimile)
            mark.grossman@crowedunlevy.com
            blake.johnson@crowedunlevy.com
            cullen.sweeney@crowedunlevy.com
            **ATTORNEYS FOR DEFENDANT JOE MIXON**